**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

KAREN MCCLARNON,

Plaintiff

v.

LOWE'S HOME IMPROVEMENT, LLC,

Defendant.

§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. 6:26-cv-00200

**DEFENDANT'S PARTIAL MOTION TO DISMISS AND MOTION TO COMPEL
<u>ARBITRATION AND STAY PROCEEDINGS</u>**

Defendant Lowe's Home Centers, LLC[1] ("Lowe's"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Federal Arbitration Act, 9 U.S.C. §§ 3-4 ("FAA"), respectfully moves this Court to dismiss Plaintiff's sexual harassment claim—to the extent she has brought one—for failure to state a claim, and to enforce the arbitration agreement between Lowe's and Plaintiff Karen McClarnon ("Plaintiff") by compelling Plaintiff to submit her claims to arbitration and staying these proceedings.

**INTRODUCTION AND SUMMARY OF THE ARGUMENT**

Despite her agreement to arbitrate disputes arising out of her employment with Lowe's, Plaintiff filed this employment-related lawsuit alleging Lowe's violated Title VII by discriminating and retaliating against her. The basis for Plaintiff's discrimination claim is that her manager allegedly made unspecified sexual comments to her—Plaintiff appears to characterize this as both sex discrimination and sexual harassment, and it is not entirely clear which claim Plaintiff has advanced in her lawsuit. *Compare* ECF 1 ("Complaint"), at ¶ 2 (alleging

---

[1] Defendant is misidentified in the Complaint as "Lowe's Home Improvement, LLC".

discrimination on the basis of sex) and ¶ 7 (alleging administrative charge contained an allegation of sex discrimination), *with* Complaint ¶¶ 16-20 (regurgitating the elements of a sexual harassment claim under the claim heading, "Sex Discrimination"). Assuming Plaintiff intended to bring a sexual harassment claim, she has failed to state such a claim upon which relief can be granted and the claim should be dismissed.

If Plaintiff has instead brought a sex discrimination claim (or if her potential sexual harassment claim is dismissed), it, like her retaliation claim—the basis for which is the purported temporal proximity between when Plaintiff reported her manager's alleged and unspecified sexual comments and Plaintiff's termination—is arbitrable under the September 27, 2023 arbitration agreement between Lowe's and Plaintiff (the "Arbitration Agreement").

Accordingly, this Court should dismiss Plaintiff's sexual harassment claim—to the extent she has brought one—and compel Plaintiff to arbitrate her claims and stay this proceeding pending completion of arbitration.

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed her Original Complaint on April 30, 2026, and Lowe's deadline to answer or otherwise plead in response was originally May 29, 2026. On May 28, 2026, Lowe's requested an extension of its deadline to respond until June 12, 2026, which was granted that same day. *See* ECF 8 (Application for Extension); ECF 9 (Notice Granting Application for Extension). Lowe's files this Motion and its Answer as its responsive pleadings to the Complaint.

## STATEMENT OF ISSUES

This Motion presents a two issues for the Court: (1) has Plaintiff stated a claim for sexual harassment, and (2) if not, did Lowe's and Plaintiff enter into a valid arbitration agreement that requires Plaintiff to pursue her claims, if at all, in arbitration?

## RELEVANT FACTUAL BACKGROUND

Lowe's hired Plaintiff on September 27, 2023, as a full-time associate at its store in Gun Barrel City, Texas. *See* Complaint, ¶ 10. That same day, Plaintiff voluntarily entered into the Arbitration Agreement, thereby agreeing to arbitrate claims against Lowe's arising out of or related to her employment with Lowe's or the termination thereof, including claims brought under Title VII. A true and correct copy of the Arbitration Agreement is attached hereto as Exhibit A.

## LEGAL ARGUMENT

### I.    Legal Standards

#### A.  Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a claim when the plaintiff has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility." *Id.* For purposes of a motion to dismiss under Rule 12(b)(6), facts as pleaded are presumed true, but not legal conclusions, and courts use "common sense and judicial experience" to determine whether a plaintiff has pled sufficient facts to state a claim. *See Equal Emp. Opportunity Comm'n v. AOD Ventures, Inc.*, No. 4:21-CV-418-SDJ, 2022 WL 4367199, at *2 (E.D. Tex. Mar. 31, 2022); *see also Iqbal*, 556 U.S. at 678-80.

### B. Policy Favoring Arbitration and Exception to Arbitrability

The FAA codifies a strong federal policy in favor of enforcing arbitration agreements, including agreements to arbitrate statutory claims. *See* 9 U.S.C. § 2; *Epic Sys. Corp. v. Lewis,* 584 U.S. 497, 505 (2018) ("The [FAA], this Court has said, establishes a liberal federal policy favoring arbitration agreements.") (quotation omitted); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24-25 (1991) (FAA provisions demonstrate federal policy that favors arbitration and its "purpose was to reverse the longstanding judicial hostility to arbitration agreements"). Through the FAA, "[n]ot only did Congress require courts to respect and enforce agreements to arbitrate; it also specifically directed them to respect and enforce the parties' chosen arbitration procedures." *Epic Sys.*, 584 U.S. at 506. Further, "[t]he [FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983). Courts, therefore, should "move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Id.* at 22.

The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA") creates exceptions to otherwise valid arbitration agreements for "disputes relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C.A. §§ 401(4), 402(a). "Importantly, federal and state discrimination law distinguishes claims of sexual harassment from claims of sex discrimination" for purposes of determining whether the EFAA applies. *Madison v. Niagara Bottling, LLC*, No. CV H-25-5701, 2026 WL 1042477, at *2 (S.D. Tex. Apr. 17, 2026). "Courts must first review whether the plaintiff adequately alleged a [sexual harassment claim] before denying a motion to compel arbitration."

*Id.* And, if a "sexual harassment claim is subject to dismissal under Rule 12(b)(6), the remaining claims" are subject to arbitration." *Id.*

### C.  Standard for Compelling Arbitration

"Under Fifth Circuit precedent, a motion to compel arbitration in Texas requires two findings from the court: (1) applying Texas rules of contract interpretation, that the parties agreed to arbitrate the dispute in question; and (2) no legal constraints external to the arbitration agreement exist that foreclose the possibility of arbitration." *Andrio v. Kennedy Rig Services, LLC*, 4:17-CV-1194, 2017 WL 6034125, at *2 (S.D. Tex. Dec. 6, 2017) (*citing Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006)). The first step of the analysis involves two separate determinations, whether: (1) there is a valid agreement to arbitrate and (2) the dispute in question falls within the scope of the arbitration agreement." *Enron Corp.*, 463 F.3d at 418-419..

### II.    Motion to Dismiss

Plaintiff's sexual harassment allegations in the Complaint are, in totality, that her manager, Josh Tierney, made unspecified sexual and inappropriate comments to her. *See* Complaint, ¶ 11; *see also* Complaint, ¶ 17. Plaintiff does not elaborate on (1) what was allegedly said, or (2) the alleged frequency with which it was said—this alone renders any sexual harassment claim Plaintiff may have brought fatally flawed. *See, e.g.*, *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations. We will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (quotations omitted); *Williams v. Env't Protetction Agency*, No. 6:15-CV-862, 2016 WL 1130190, at *5 (E.D. Tex. Feb. 11, 2016), *report and recommendation adopted sub nom. Williams v. Env't Prot. Agency*, No. 6:15-CV-862, 2016 WL 1117166 (E.D. Tex. Mar. 22, 2016) (dismissing discrimination claim under § 1981 for failure

to state a claim where allegations that the defendant "repeatedly directed vile racial epithets" toward the plaintiff were conclusory and speculative).

Even if Plaintiff had provided specifics about these allegedly sexual and inappropriate comments, and even if the comments were actually sexual in nature and/or inappropriate, Plaintiff still would not have alleged facts sufficient to state a claim for sexual harassment upon which relief could be granted. Courts within the Fifth Circuit have repeatedly held that conduct far worse than "sexual and inappropriate comments" was insufficient to establish a claim of sexual harassment. *See, e.g.*, *Malin v. Orleans Par. Commc'ns Dist.*, 718 F.App'x 264, 273 (5th Cir. 2018) (dismissal of a sexually-hostile-work-environment claim appropriate where a manager described her sex life to the plaintiff six times over a two-month period); *Hockman v. Westward Communications, LLC*, 407 F.3d 317, 328-29 (5th Cir. 2004) (alleged sexual harassment insufficiently severe or pervasive where supervisor, among other things, slapped plaintiff's backside, grabbed or brushed against her breasts and backside, held her cheeks and tried to kiss her); *Wilson v. Republic Nat'l Indus. of Texas, LP*, No. 3:19-CV-0593-B, 2019 WL 3859666, at *4 (N.D. Tex. Aug. 16, 2019) (dismissing a hostile-work-environment claim where the plaintiff "specifically allege[d] only three distinct incidents over three months where comments were made to her that could have been directed at her gender[, which] does not support a finding of widespread and pervasive sexual harassment"); *see also Morris v. Baton Rouge City Constable's Off.*, 761 F. App'x 433, 437 (5th Cir. 2019) (holding, in dicta, that allegations that supervisor expressed a desire for a romantic relationship with plaintiff, closed his office door when plaintiff would enter his office, and subjected plaintiff to "a pattern of discriminatory and retaliatory treatment" were insufficient to state a claim of sexual harassment). Thus, even if Plaintiff were granted leave to amend the Complaint and to allege more than conclusory assertions about the alleged comments, such would be futile—the Court need not

-6-

allow Plaintiff to do so. *See Gezu v. Charter Commc'ns*, No. 3:20-CV-01476-G-BT, 2021 WL 419741, at *7 (N.D. Tex. Jan. 7, 2021), *report and recommendation adopted*, No. 3:20-CV-01476-G (BT), 2021 WL 410000 (N.D. Tex. Feb. 5, 2021), *aff'd*, 17 F.4th 547 (5th Cir. 2021) (court need not allow plaintiff opportunity to amend when amendment would be futile).

Accordingly, to the extent Plaintiff has brought a sexual harassment claim, this Court should dismiss it for failure to state a claim.

### III.   Motion to Compel Arbitration

As detailed below, all requirements for compelling arbitration are met in this case: (1) Plaintiff and Lowe's entered into a valid, enforceable arbitration agreement; (2) that agreement covers the claims in this lawsuit; and (3) there are no legal constraints that foreclose the possibility of arbitration. Thus, this Court should enforce the parties' Arbitration Agreement according to its terms by compelling Plaintiff to submit her discrimination and retaliation claims to arbitration and staying the proceedings in the interim.

### A.  The Arbitration Agreement is Valid and Enforceable

The validity of an arbitration agreement is determined by reference to general principles of contract law. *Doctor's Assocs., Inc. v. Casarotto,* 517 U.S. 681, 686-87 (1996); *see also Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987) (noting that "state law, whether of legislative or judicial origin, is applicable if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally."). Here, the Arbitration Agreement is valid under the generally applicable principles of Texas contract law. To be enforceable under Texas contract law, there must be a valid offer and acceptance, and also valid consideration. *See Fraud-Tech, Inc. v. Choicepoint, Inc.*, 102 S.W.3d 366, 385 n.67 (Tex. App.—Fort Worth 2003, pet. denied) (citations omitted); *Harco Energy, Inc. v. Re-Entry People, Inc.*, 23 S.W.3d 389, 392 (Tex. App. 2000) ("For

a contract to exist, there must be an offer, an acceptance, and valid consideration.") (citing *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 408–09 (Tex. 1997) (superseded by statute on other grounds)).

Lowe's furnished Plaintiff with the Arbitration Agreement at the time her employment with Lowe's began and Plaintiff accepted the terms of the Arbitration Agreement as evidenced by her signature. *See* Exhibit A, at 3; *see also Shearson Lehman Hutton, Inc. v. McKay*, 763 S.W.2d 934, 937 (Tex. App.—San Antonio 1989, no writ) (holding that under Texas contract law, a party is bound by the terms of the agreement that she signed).

The Arbitration Agreement was also supported by consideration under Texas contract law. Consideration is a bargained for exchange of promises or performance between the parties. *See ULICO Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 790 (Tex. 2008). Consideration is composed of benefits and detriments to the contracting parties. *Id*. When the consideration consists of mutual promises between the parties, the agreement is a "bilateral contract"—one in which there are mutual promises between two parties to the contract, each party being both a promisor and a promisee. *Vanegas v. Am. Energy Servs.*, 302 S.W.3d 299, 302 (Tex. 2009). Here, the Arbitration Agreement binds both Lowe's and Plaintiff to arbitration. The Agreement states that both "you and Lowe's agree that any controversy between you and Lowe's…arising out of or relating to you employment or the termination of your employment shall be settled by binding arbitration, at the insistence of either you or Lowe's." Exhibit A, at 1. Thus, under Texas law, this exchange of mutual, enforceable promises to arbitrate is sufficient consideration. Accordingly, because there was a valid offer and acceptance, and sufficient consideration, the Arbitration Agreement is valid and enforceable under Texas law.

**B.  The Arbitration Agreement Covers Plaintiff's Claims in this Lawsuit**

"When the arbitration agreement uses phrasing such as, 'any claims,' 'arising out of,' 'in relation to,' and 'in connection with,' to mandate arbitration, courts generally characterize them 'as broad arbitration clauses capable of expansive reach.'" *Johnson v. AT & T Mobility, L.L.C.*, 4:09-CV-4104, 2010 WL 5342825, at *2 (S.D. Tex. Dec. 21, 2010) (*citing Pennzoil Explor. & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998). These broad arbitration clauses "embrace all disputes between the parties having a significant relationship to the contract regardless of the label attached to the dispute." *Id.* (*citing Pennzoil*, 139 F.3d at 1067). Indeed, as the Fifth Circuit noted, "a valid agreement to arbitrate applies unless it can be said with positive assurance that [the] arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Personal Sec. & Safety Sys. Inc. v. Motorola Inc.*, 297 F.3d 388, 392 (5th Cir. 2002) (quotations omitted).

The Arbitration Agreement contains a broad definition of arbitrable claims, including "any controversy between [Plaintiff] and [Lowe's]…arising out of or relating to your employment or the termination of your employment" with Lowe's. *See* Exhibit A, at 1. The Arbitration Agreement also expressly covers claims, like Plaintiff's, arising under Title VII. *See* Exhibit A, at 1. Accordingly, Plaintiff's claim falls squarely within the scope the Arbitration Agreement.

**C.  There are No Legal Constraints Prohibiting Enforceability**

External constraints, like the EFAA, can prohibit the enforceability of an arbitration agreement when a plaintiff alleges claims of sexual harassment. *See* 9 U.S.C.A. § 402(a). However, a plaintiff cannot avoid arbitration by making conclusory allegations of sexual harassment that fail to state a claim for sexual harassment. *See Niagara Bottling, LLC*,  2026 WL 1042477, at *3 (holding that allegations of "two comments from two different people" absent allegations as to

-9-

"when those comments took place, whether the two comments were close in time, whether the comments were related (and, if so, how), or how those comments affected Madison's work" were "insufficient to warrant holding unenforceable the parties' arbitration agreement".). Further, a sex discrimination claim is distinct from a sexual harassment claim, and the EFAA does not apply to the former. *Panchumarthi v. Tech Mahindra*, No. 4:24-CV-01017-SDJ-BD, 2025 WL 3687142, at *3 (E.D. Tex. Dec. 15, 2025), *report and recommendation adopted sub nom. Panchumarthi v. Mahindra*, No. 4:24-CV-01017-SDJ-BD, 2026 WL 317747 (E.D. Tex. Feb. 4, 2026); *Campos v. Ins. & Bonds Agency of Tex., LLC*, 2013 WL 321865, at *6 (W.D. Tex. Jan. 28, 2013) (sex-based harassment constitutes sex discrimination, but the reverse is not necessarily true).

Here, assuming Plaintiff intended to bring a sexual harassment claim, she has failed to state a sexual harassment claim upon which relief can be granted and that claim would be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). *See supra*, at II. Accordingly, the EFAA does not apply here, and there are no other external constraints that prohibit the enforceability of the Arbitration Agreement. Thus, the Court should compel Plaintiff to submit her claims against Lowe's to binding arbitration in accordance with the Arbitration Agreement.

## CONCLUSION

For the reasons set forth herein, Lowe's respectfully requests that this Court (1) dismiss Plaintiff's sexual harassment claim—to the extent she has brought one—for failure to state a claim upon which relief can be granted; (2) compel Plaintiff to submit to binding arbitration and stay these proceedings pending the completion of arbitration, and (3) award Lowe's any and all further relief this Court deems appropriate and proper.

DATED:  June 12, 2026                    Respectfully submitted,

LOWE'S HOME CENTERS, LLC


By: */s/ Alan J. Marcuis*
    Alan J. Marcuis
    Texas Bar No. Bar No. 24007601
    amarcuis@seyfarth.com
    Lukas Moffett
    Texas Bar No. 24116777
    lmoffett@seyfarth.com
    SEYFARTH SHAW LLP
    2323 Ross Ave., Suite 1660
    Dallas, Texas 75201
    Telephone: (469) 608-6700
    Facsimile: (713) 225-2340

    **ATTORNEYS FOR DEFENDANT**
    **LOWE'S HOME CENTERS, LLC**


<u>**CERTIFICATE OF CONFERENCE**</u>

    I conferred with Plaintiff's counsel on June 11, 2026 regarding the relief requested in this Motion. Plaintiff's counsel informed me that Plaintiff is opposed to the relief requested herein.

                */s/ Alan J. Marcuis*
                Alan J. Marcuis

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing document to be served upon the following, by the Court's ECF system, on this 12th day of June 2026:

Daryl J. Sinkule
Shellist, Lazarz, Slobin, LLP
3710 Rawlins, Suite 1420
Dallas, TX 75219
Houston, TX 77007-2519
Tel.: 214-379-0831
Fax: 972-478-4448
Email: dsinkule@eeoc.net

**ATTORNEY FOR PLAINTIFF**

/s/ *Alan J. Marcuis*
Alan J. Marcuis