**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| KAREN MCCLARNON, | § § § § § § § § § § § | |
| Plaintiff | | |
| v. | | CIVIL ACTION NO. 6:26-cv-00200 |
| LOWE'S HOME IMPROVEMENT, LLC, | | |
| Defendant. | | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES**

Defendant Lowe's Home Centers, LLC (incorrectly identified as Lowe's Home Improvement, LLC) ("Defendant"), hereby submits its Answers and Affirmative and Other Defenses to Plaintiff Karen McClarnon's ("Plaintiff") Original Complaint ("Complaint"). The following sections and numbered paragraphs correspond to the sections and numbered paragraphs in Plaintiff's Complaint. To the extent the allegations within the Complaint are not expressly admitted, they are hereby denied.

## I.    INTRODUCTION

1.      Defendant admits that Plaintiff (1) seeks, in this action, back pay, front pay, equitable relief, compensatory and punitive damages, attorneys' fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for sex discrimination and retaliation allegedly suffered by McClarnon in the course of her employment with Defendant; (2) complains that she was allegedly discriminated against regarding the terms and conditions of her employment because of her sex (female) and in retaliation for complaining of Defendant's discriminatory actions; and (3) demands a jury on all issues triable to a jury. Defendant denies any wrongdoing,

denies that its conduct caused or resulted in any damages to Plaintiff, and denies that Plaintiff is entitled to any recovery as a result of this lawsuit.

## II.    PARTIES

2.    Defendant admits that Plaintiff is an individual. Plaintiff's remaining allegations assert conclusions of law and/or Defendant lacks sufficient knowledge or information to form a belief about Plaintiff's remaining allegations, thus no response is required; to the extent a response is required, Defendant denies same.

3.    Defendant admits that its headquarters is located in North Carolina. Defendant admits that it does business in Texas. Defendant admits it may be served with process through its registered agent, Corporate Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Plaintiff's remaining allegations assert conclusions of law to which no response is required; to the extent a response is required, Defendant denies same.

## III.    JURISDICTION AND VENUE

4.    Defendant admits that this action is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e-1, et seq. and the Civil Rights Action of 1991, 42 U.S.C. § 1981a. Defendant denies any wrongdoing, denies that its conduct caused or resulted in any damages to Plaintiff, and denies that Plaintiff is entitled to any recovery as a result of this lawsuit.

5.    Plaintiff's allegations assert conclusions of law to which no response is required; to the extent a response is required, Defendant denies same.

6.    Plaintiff's allegations assert conclusions of law to which no response is required; to the extent a response is required, Defendant denies same.

### IV. PROCEDURAL PREREQUISITES

7.      Defendant admits that Plaintiff filed a charge of discrimination against Defendant under Charge Number 450-2025-07668 with the Equal Employment Opportunity Commission ("EEOC") on May 9, 2025. Defendant admits that Plaintiff claimed in her charge that Defendant discriminated against her because of her sex and retaliated against her for complaining about such discrimination. Defendant denies any wrongdoing, denies that its conduct caused or resulted in any damages to Plaintiff, and denies that Plaintiff is entitled to any recovery as a result of this lawsuit.

8.      Defendant admits that the EEOC issued Plaintiff a Notice of Right to Sue on February 2, 2026. Plaintiff's remaining allegations assert conclusions of law to which no response is required; to the extent a response is required, Defendant denies same.

9.      Plaintiff's allegations assert conclusions of law to which no response is required; to the extent a response is required, Defendant denies same.

### V. FACTS

10.      Defendant admits that Plaintiff is a female. Defendant admits that Plaintiff began her employment in 2023 at Store #1801 in Gun Barrel City, Texas. Defendant admits that Plaintiff was hired as a part-time cashier. Defendant admits that Plaintiff was promoted to Assistant Store Manager within approximately six months of hire. Defendant can neither confirm nor deny Plaintiff's remaining allegations as they are too indefinite, vague, and ambiguous, and therefore denies same.

11.      Defendant admits that in or about January 2025, Plaintiff reported to Defendant's Associate Relations Department that Josh Tierney made sexual and inappropriate comments to her using Defendant's internal reporting system. Defendant admits that Emma Freudenberger, an

Associate Relations Consultant for Defendant, advised Plaintiff that an investigation would be conducted into Plaintiff's complaint. Defendant lacks sufficient knowledge or information to form a belief regarding Plaintiff's remaining allegations and therefore denies same. Defendant denies any wrongdoing, denies that its conduct caused or resulted in any damages to Plaintiff, and denies that Plaintiff is entitled to any recovery as a result of this lawsuit.

12.    Defendant admits that Plaintiff's complaint was unsubstantiated. Defendant admits that Plaintiff was informed that retaliation was prohibited. Plaintiff denies that its investigation into Plaintiff's complaint was concluded after two days. Defendant lacks sufficient knowledge or information to form a belief regarding Plaintiff's remaining allegations and therefore denies same.

13.    Defendant admits that on or about February 13, 2025, Plaintiff was instructed to leave the premises and was escorted to her vehicle. Defendant admits that Plaintiff's employment was terminated on or about February 13, 2025. Defendant admits that Plaintiff was terminated for consuming alcohol while on duty. Defendant admits that Plaintiff denies that she consumed alcohol while working for Defendant. Defendant can neither confirm nor deny Plaintiff's remaining allegations as they are too indefinite, vague, and ambiguous and/or Defendant lacks sufficient knowledge or information to form a belief regarding Plaintiff's remaining allegations and therefore denies same.

14.    Deny.

15.    Deny.

## VI.    SEX DISCRIMINATION UNDER TITLE VII THE CIVIL RIGHTS ACT OF 1964

16.    Defendant incorporates all preceding paragraphs as through fully set forth herein.

17.    Deny.

18.    Deny.

19.     Plaintiff's allegations assert conclusions of law to which no response is required; to the extent a response is required, Defendant denies same.

20.     Deny.

## VII.    RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

21.     Defendant incorporates all preceding paragraphs as through fully set forth herein.

22.     Plaintiff's allegations assert conclusions of law to which no response is required; to the extent a response is required, Defendant denies same.

23.     Deny.

24.     Plaintiff's allegations assert conclusions of law to which no response is required; to the extent a response is required, Defendant denies same.

25.     Deny.

26.     Deny.

27.     Deny.

## VIII.   DAMAGES

28.     Defendant admits that Plaintiff alleges damages including back pay, front pay, loss of wages and benefits in the past and future, costs of court and attorneys' fees, mental anguish and emotional distress in the past and future, and compensatory damages. Defendant denies any wrongdoing, denies that its conduct caused or resulted in any damages to Plaintiff, and denies that Plaintiff is entitled to any recovery as a result of this lawsuit.

29.     Plaintiff's allegations assert conclusions of law to which no response is required; to the extent a response is required, Defendant denies same.

## IX.   JURY DEMAND

30.     Defendant admits that Plaintiff has requested a trial by jury. Defendant denies any wrongdoing, denies that its conduct caused or resulted in any damages to Plaintiff, and denies that Plaintiff is entitled to any recovery as a result of this lawsuit.

## X.   PRAYER

Defendant admits that Plaintiff prays for the relief set forth in this Paragraph.  Defendant denies any wrongdoing, denies that its conduct caused or resulted in any damages to Plaintiff, and denies that Plaintiff is entitled to any recovery as a result of this lawsuit

## AFFIRMATIVE AND OTHER DEFENSES

1.     Plaintiff fails to state a claim upon which relief can be granted.

2.     Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

3.     Plaintiff's claims are barred, in whole or in part, because she has failed to exhaust her administrative remedies.

4.     Plaintiff's claims are barred, in whole or in part, by laches and/or estoppel.

5.     Plaintiff signed an agreement to arbitrate claims against Defendant related to her employment with Defendant, including the claims brought by Plaintiff in this litigation. Accordingly, Plaintiff's claims are subject to binding arbitration.

6.     Defendant asserts that even if some impermissible motive were a factor in any employment decision concerning Plaintiff, a claim Defendant denies, the same decision(s) would have been reached for legitimate business reasons.

7.     Pleading in the alternative, Defendant cannot be held liable for any alleged discrimination or retaliation purportedly experienced by Plaintiff because it exercised reasonable care to prevent and/or correct promptly any such behavior, and Plaintiff unreasonably failed to

-6-

take advantage of the preventative or corrective opportunities offered by Defendant or to otherwise avoid harm.

8.     To the extent Plaintiff alleges that any individual acted in an unlawful manner, which Defendant denies, such conduct, if it occurred, was outside of the course and scope of that individual's employment. Defendant neither engaged in the purported discrimination/retaliation, nor aided or abetted it, nor authorized, encouraged, condoned, ratified, acquiesced, tolerated, or approved of any alleged discrimination/retaliation against Plaintiff, and instead prohibited and prohibits any such acts, and any such conduct may not be attributed to Defendant through principles of agency, respondent superior, or otherwise.

9.     Plaintiff's claims are barred, in whole or in part, because any alleged harassment that occurred was not sufficiently severe or pervasive to alter a term, condition, or privilege of her employment and/or was not based on a protected characteristic.

10.     Plaintiff's claims are barred, in whole or in part, because Defendant did not fail to take any necessary and prompt remedial action.

11.     Plaintiff cannot establish a claim of discrimination because she was not qualified for her position and/or she was not meeting reasonable expectations for the performance of the work to which she was assigned.

12.     All employment decisions regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, and non-pretextual business reasons.

13.     Plaintiff's claims are barred because no similarly situated employees were treated more favorably.

14.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and/or after-acquired evidence.

15.    Plaintiff's claims are barred, in whole or in part, because Plaintiff's sex was not the "but for" cause of any injury alleged in this lawsuit.

16.    Plaintiff's alleged damages, if any, are the result, in whole or in part, of preexisting conditions and/or independent causes, and are not the result of any act or omission on the part of Defendant.

17.    Plaintiff's injuries and damages, if any, were wholly or partially caused by her own conduct and were not caused by or attributable to Defendant.

18.    Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, Plaintiff is not entitled to some or all of the relief sought in her Complaint to the extent that she has failed to mitigate her alleged damages.

19.    Defendant invokes any and all applicable damages caps and limitations, including but not limited to the caps and limitations on damages set forth in Title VII and § 1981.

20.    Plaintiff's alleged damages, if any, are subject to the doctrine of offset.

21.    Plaintiff's claims are barred, in whole or in part, because there is no causal connection between the adverse employment action alleged by Plaintiff and any protected activity she allegedly undertook.

22.    Defendant's actions were done in good faith, without malice, and without intent to violate the law or cause Plaintiff harm. As such, the relief sought by Plaintiff in the form of exemplary or punitive damages is not available.

23.    Plaintiff cannot recover punitive and/or exemplary damages since Defendant cannot be vicariously liable for allegedly discriminatory employment decisions or actions of managerial agents because those decisions or actions, if any, were contrary to Defendant's good faith efforts to comply with applicable federal, state, and local laws and regulations.

-9-

24.    To the extent that Plaintiff seeks punitive or exemplary damages in her Complaint, she violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution, and the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

Defendant presently has insufficient knowledge and information upon which to   form a belief about whether it has additional affirmative defenses, counterclaims against Plaintiff, or cross claims. Accordingly, Defendant expressly reserves the right to amend its pleadings to assert such claims and additional defenses as they become known during the course of this litigation.

## PRAYER

WHEREFORE  Defendant seeks judgment against Plaintiff and prays that this Court (1) denies all relief sought by Plaintiff and dismiss the Complaint in its entirety, with prejudice; (2) enter judgment in favor or Defendant; (3) award Defendant its costs of suit incurred in defense of this action to the maximum extent permitted by law; and (4) grant Defendant any such other and further relief as this Court deems just and proper.

DATED:  June 12, 2026

Respectfully submitted,

LOWE'S HOME CENTERS, LLC

By: */s/ Alan J. Marcuis*

Alan J. Marcuis
Texas Bar No. Bar No. 24007601
amarcuis@seyfarth.com
Lukas Moffett
Texas Bar No. 24116777
lmoffett@seyfarth.com
SEYFARTH SHAW LLP
2323 Ross Ave., Suite 1660
Dallas, Texas 75201
Telephone: (469) 608-6700
Facsimile: (713) 225-2340

**ATTORNEYS FOR DEFENDANT
LOWE'S HOME CENTERS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing to be served upon the following, by the Court's ECF system, on this 12th day of June 2026:

Daryl J. Sinkule
Shellist, Lazarz, Slobin, LLP
3710 Rawlins, Suite 1420
Dallas, TX 75219
Houston, TX 77007-2519
Tel.: 214-379-0831
Fax: 972-478-4448
Email: dsinkule@eeoc.net

**ATTORNEY FOR PLAINTIFF**

*/s/ Alan J. Marcuis*

Alan J. Marcuis

326337111v.2

-10-