IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KAREN MCCLARNON, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 6:26-cv-00200** |
| | § | |
| LOWE'S HOME IMPROVEMENT, | § | |
| LLC, | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S PARTIAL MOTION TO DISMISS AND MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

Plaintiff Karen McClarnon ("McClarnon") files this Response to Defendant's Partial Motion to Dismiss and Motion to Compel Arbitration and Stay Proceedings, and would show unto the Court as follows:

### INTRODUCTION AND SUMMARY OF THE ARGUMENT

McClarnon brought this lawsuit under Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging sex discrimination in the form of sexual harassment and retaliation against Lowe's Home Improvement, LLC.[1] In her Original Complaint ("Complaint") (Doc. 1), McClarnon, who was originally employed by Defendant as a part-time cashier, and who was, in short order, subsequently promoted to Specialty Assistant Store Manager, asserts that Defendant violated Title VII by discriminating against her on the basis of her sex "when it subjected her to unwelcome sexual harassment, including inappropriate sexual comments by her supervisor, [Josh] Tierney, and failed to take prompt remedial action after she reported such conduct" (Doc. 1 at ¶ 17), and by

---

[1] In its Motion, Lowe's Home Improvement, LLC notes that it was misidentified in McClarnon's Original Complaint and that the proper defendant is Lowe's Home Centers, LLC ("Defendant").

retaliating against her when it terminated her employment mere weeks after she reported Tierney's sexual harassment to Defendant's Associate Relations Department. (Doc. 1 at ¶¶ 13, 22-24).

In its Partial Motion to Dismiss and Motion to Compel Arbitration and Stay Proceedings (Doc. 10) ("Motion"), Defendant urges this Court to dismiss McClarnon's sexual harassment claim and compel McClarnon to submit to binding arbitration and stay these proceedings pending the completion of arbitration. McClarnon submits that (1) she has pled facts sufficient to state a claim upon which relief can be granted, (2) if she has not pled sufficient facts to state a claim upon which relief can be granted, she seeks leave to amend her Complaint, and (3) the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 renders the arbitration agreement that McClarnon signed with Defendant unenforceable.

### NATURE AND STAGE OF THE PROCEEDING

Plaintiff McClarnon filed her Original Complaint on April 30, 2026 (Doc. 1). Defendant filed its Motion (Doc. 10) and its Answer and Affirmative and Other Defenses (Doc. 11) on June 12, 2026.

### STATEMENT OF THE ISSUES

The issues for the Court to consider are whether: (1) Plaintiff has stated a claim for sexual harassment under Title VII, and if she has not, whether she should be given leave to amend her Complaint, and (2) whether the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 bars Defendant's motion to compel arbitration of McClarnon's claims.

### LEGAL ARGUMENT

#### I.    Legal Standards

##### A.    Rule 12(b)(6)

"Motions to dismiss under Rule 12(b)(6) 'are viewed with disfavor and are rarely granted.'" *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted);

*Webb v. Livingston*, CA 6:13-cv-711, 2014 WL 11860703, at \*1 (E.D. Tex. May 5, 2014). A complaint must include "a short and plain statement of the claim showing the [plaintiff] is entitled to relief...." FED. R. CIV. P. 8(a)(2). Therefore, "[t]o survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the Plaintiffs' grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor* 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[A] complaint must state a 'plausible claim for relief' in order to survive a motion to dismiss.'" *Neman v. Greater Houston All-Pro Auto Interiors, LLC,* CA 4:11-cv-03082, 2012 WL 896438, at \*2 (S.D. Tex. March 14, 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). "Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *Hickerson*, at \*1.

For Rule 12(b)(6) purposes, the Court must accept Plaintiff's factual allegations as true. *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 113 S. Ct. 2891, 2895 (1993). Likewise, the Court must draw all reasonable inferences in Plaintiff's favor. *Easton v. Holt*, 73 F.3d 600, 601 (5th Cir. 1996). When considering Defendant's motion, the Court must construe the factual allegations in the complaint in the light most favorable to the Plaintiff. *In re Stac Elects. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); *Jones v. G.E. Co.*, 87 F.3d 209, 211 (7th Cir. 1996).

**B.    The Federal Arbitration Act ("FAA") and the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA")**

The FAA requires a district court to compel arbitration if it determines that there is a valid arbitration agreement encompassing the issues in dispute. 9 U.S.C. § 3. However, the EFAA, 9 U.S.C. §§ 401-02, creates exceptions to the FAA. Specifically, the EFAA provides:

> Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, or the named representative of a class or in a collective action alleging such conduct, no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.

9 U.S.C. § 402(a). The EFAA defines a "sexual harassment dispute" as a "dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." *Id.* § 401(4). Because the EFAA makes pre-dispute arbitration agreements unenforceable "with respect to a case," *id.* § 402(a), the EFAA bars a motion to arbitrate any claim within that case; the EFAA does not require courts to sever sexual-harassment or sexual-assault claims from the rest of a plaintiff's suit. *See Bruce v. Adams & Reese, LLP*, 168 F.4th 367, 385–86 (6th Cir. 2026) ("[W]e hold that [ ] where a plaintiff brings multiple claims in a single suit against a party with whom she has an otherwise-valid arbitration agreement, and one of those claims alleges a 'sexual assault dispute' or a 'sexual harassment dispute,' the EFAA renders the arbitration agreement unenforceable with respect to each of the claims that comprise her case.").

Federal and state discrimination law distinguishes claims of sexual harassment from claims of sex discrimination. *Stephens v. DFW LinQ Transp., Inc.*, No. 3:24-CV-00352-N, 2025 WL 1697537, at *3 (N.D. Tex. June 16, 2025). "The former involves unwelcome sexual advances or other verbal or physical conduct of a sexual nature, whereas the latter refers to discriminating against someone because of their protected characteristic." *Lopez v. AT&T Mobility Servs. LLC*, 767 F. Supp. 3d 406, 425 (W.D. Tex. 2025) (quoting *Friel v. Mnuchin*, 474 F. Supp. 3d 673, 692 (E.D. Pa. 2020), *aff'd*, No. 20-2714, 2021 WL 6124314 (3d Cir. Dec. 28, 2021)). "Unwelcome sexual harassment can take several forms, including 'sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature that is unwelcome in the sense that it is unsolicited or unincited and is undesirable or offensive to the employee.'" *Karamatic v. Peyton*

*Res. Grp., L.P.*, 3:21-CV-02304-N, 2022 WL 2972222, at \*2 (N.D. Tex. 2022) (quoting *Jones v. Flagship Int'l*, 793 F.2d 714, 719 (5th Cir. 1986)).

>    **II.    Dismissal is Improper under Rule 12(b)(6); Alternatively, McClarnon Seeks Leave to Amend her Complaint.**

In her Complaint, McClarnon asserts that in or about January 2025, her manager, Josh Tierney, made sexual and inappropriate comments to her, which McClarnon soon thereafter reported to Defendant's Associate Relations Department via Defendant's internal reporting system. (Doc. 1 at ¶ 11). McClarnon further asserts that Defendant "intentionally discriminated against her because of her sex when it subjected her to unwelcome sexual harassment, including inappropriate sexual comments by her supervisor, Tierney, and failed to take prompt and remedial action after she reported such conduct." (Doc. 1 at ¶ 17). McClarnon contends that the foregoing facts are sufficient to state a claim upon which relief can be granted under Title VII. However, to the extent the Court deems it necessary, McClarnon seeks leave to amend her Complaint to include additional facts supporting her sexual harassment claim.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion.") (internal citation omitted). However, a court may deny leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on

5

its face….” *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999) (“A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.” (footnote omitted)).

Based on the applicable law, Defendant's Motion should be denied because McClarnon has properly pled her claims under Title VII. Nonetheless, in the alternative, and to the extent the Court deems it necessary, McClarnon seeks 20 days leave to amend her Complaint.

### III.    Motion to Compel Arbitration

As set forth above, under the EFAA, pre-dispute arbitration agreements are unenforceable with respect to sexual harassment cases filed under federal law. 9 U.S.C. § 402(a). Although Defendant argues that it is unable to ascertain whether McClarnon has asserted a sexual harassment claim as opposed to a broader sex discrimination claim (Doc. 10 at 1), it is clear that McClarnon has asserted a sexual harassment claim (which falls under the umbrella of sex discrimination) insofar as she specifically states in her Complaint that she was subjected to sexual and inappropriate comments by her immediate supervisor, Tierney (Doc. 1 at ¶ 11), and McClarnon further indicates that she was “subjected . . . to unwelcome sexual harassment, including inappropriate sexual comments by . . . Tierney….” (Doc. 1 at ¶ 17). These statements make it clear that McClarnon has asserted a sexual harassment claim. Additionally, Defendant acknowledges in its citation of *Campos v. Ins. & Bonds Agency of Tex., LLC*, 2013 WL 321865, at *6 (W.D. Tex. Jan. 28, 2013) that sex-based harassment constitutes sex discrimination. (Doc. 10 at 10).

As set forth in Section II, *supra*, McClarnon contends that the facts she has set forth are sufficient to state a claim upon which relief can be granted under Title VII. However, to the extent the Court deems it necessary, as set forth above, McClarnon seeks leave to amend her Complaint, as the Court permitted the plaintiff to do in *Madison v. Niagara Bottling, LLC*, No. CV H-25-5701, 2026 WL 1042477, at *2 (S.D. Tex. Apr. 17, 2026) (plaintiff granted leave to amend his complaint

to allege adequately his sexual harassment claim, noting that the EFAA would apply if plaintiff did so).

### CONCLUSION

McClarnon's Complaint is not so devoid of facts that Defendant is unable to prepare a responsive pleading. Further clarification and development of the facts of the case can be had through the discovery process.

For the reasons set forth herein, the Court should deny Defendant's Partial Motion to Dismiss and Motion to Compel Arbitration and Stay Proceedings. Alternatively, should the Court find that McClarnon needs to plead additional facts in support of her sexual harassment claim, McClarnon requests leave to amend her Complaint in order to cure any such deficiency.

Respectfully submitted,

**SHELLIST | LAZARZ | SLOBIN, LLP**

By: */s/ Daryl J. Sinkule*
Daryl J. Sinkule
State Bar No. 24037502
dsinkule@eeoc.net
3710 Rawlins, Suite 1420
Dallas, Texas 75219
Telephone: (214) 379-0831
Facsimile: (972) 478-4448

**ATTORNEYS FOR PLAINTIFF**
**KAREN MCCLARNON**

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to the electronic filing system for the United States District Court for the Eastern District of Texas on this, the 26th day of June, 2026.

Alan J. Marcuis
Lukas Moffett
Seyfarth Shaw LLP
2323 Ross Ave., Suite 1660
Dallas, Texas 75201


                                              */s/ Daryl J. Sinkule*
                                              Daryl J. Sinkule

8