**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| KAREN MCCLARNON, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 6:26-cv-00200 |
| LOWE'S HOME IMPROVEMENT, LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS AND
MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Defendant Lowe's Home Centers, LLC[1] ("Lowe's"), files this Reply in Support of Its Partial Motion to Dismiss and Motion to Compel Arbitration and Stay Proceedings (the "Motion").

In her Response to the Motion (the "Response"), Plaintiff Karen McClarnon ("Plaintiff") argues that her Original Complaint (the "Complaint") pled facts sufficient to state a claim for sexual harassment, and, in the alternative, asks the Court to grant her leave to amend the Complaint. The Court should reject both Plaintiff's argument and her request. The Response confirms that the Complaint fails to state a claim for sexual harassment and, the allegations in the Complaint—reiterated without supplementation in the Response—establish that amendment of the Complaint would be futile. Thus, the EFAA does not relieve Plaintiff of her contractual obligation to arbitrate her claims against Lowe's, and this Court should compel Plaintiff to arbitrate her remaining claim of retaliation.

---

[1] Defendant is misidentified in the Complaint as "Lowe's Home Improvement, LLC".

## I.        The Complaint Fails to State a Claim for Sexual Harassment

The Complaint and Response confirm that the entirety of Plaintiff's allegations in support of her sexual harassment claim are comprised of conclusory assertions that (1) Plaintiff's manager made "sexual and inappropriate comments to her", and (2) Plaintiff was "subjected…to…inappropriate sexual comments by her supervisor…." *See* Response, at 5.

Conclusory allegations are "plainly insufficient to state a claim upon which relief can be granted. *See Yarbrough v. Denton Indep. Sch. Dist.*, No. 420CV00433SDJCAN, 2021 WL 4704579, at *7 (E.D. Tex. Feb. 5, 2021) (conclusory allegations are not entitled to assumption of truth at motion to dismiss stage and do not state a plausible claim for relief); *Matthews v. High Island Indep. Sch. Dist.*, 991 F. Supp. 840, 845 (S.D. Tex. 1998) (dismissing sexual harassment claim where complaint merely alleged that challenged actions constituted sexual harassment). Here, Plaintiff does not provide any factual detail about the allegedly sexual and inappropriate comments, rendering it impossible for the Court or Lowe's to determine whether (1) the alleged comments were (1) truly sexual in nature, (2) inappropriate, (3) directed at Plaintiff generally, (4) directed at Plaintiff because of her sex, or (5) were unwelcome. Thus, Plaintiff's sexual harassment allegations are conclusory and fail to state a claim for sexual harassment upon which relief could be granted.

If this were the end of the inquiry, Plaintiff's request for leave to amend might be compelling. But it is not. The Fifth Circuit imposes a "high burden" on a plaintiff alleging sexual harassment, specifically with respect to whether the alleged sexual harassment was sufficiently severe or pervasive such that it altered the terms and conditions of employment. *See Waller v. Jet Specialty, Inc.*, No. MO:23-CV-00121-DC-RCG, 2024 WL 5038568, at *4 (W.D. Tex. Nov. 19, 2024), *report and recommendation adopted*, No. MO:23-CV-00121-DC, 2024 WL 5011643 (W.D.

Tex. Dec. 6, 2024). Lowe's is aware of no case where vague, conclusory allegations that a supervisor made "sexual and inappropriate comments" to a plaintiff met this high burden. Yet there are no shortage of cases where conduct far worse failed to meet that high burden.

For example, a plaintiff whose supervisor made suggestive comments to her **_and_** grabbed her buttocks did not allege sufficiently severe or pervasive sexual harassment. *Gibson v. Potter*, 264 F. App'x 397, 398, 401 (5th Cir. 2008). Similarly, sexually suggestive comments were not sufficiently severe or pervasive even when paired with (1) slapping the plaintiff's buttocks with a newspaper, (2) grabbing/brushing up against the plaintiff's breasts and buttocks, and (3) attempting to kiss the plaintiff. *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 328 (5th Cir. 2004). In *Shepherd v. Comptroller of Pub. Accts. of State of Texas*, 168 F.3d 871 (5th Cir. 1999), a plaintiff's co-worker (1) told the plaintiff that her "elbows [were] the same color as [her] nipples", and said to the plaintiff that "you have big thighs", while pretend to look under her dress, (2) tried to look down the plaintiff's clothing, and (3) patted his lap while remarking, "here's your seat"; even in the aggregate this conduct was not sufficiently severe or pervasive to constitute actionable sexual harassment. *Id.* at 872, 875 (quotations omitted). Similarly, "bawdy" comments about a plaintiff's body, demands that the plaintiff allow the alleged harasser to "hook up" with her female fried, and the alleged harasser asking the plaintiff to be his "friend with benefits" and whether he could "tap that ass" were "not sufficiently severe or pervasive to be actionable under Tile VII." *Waller*, 2024 WL 5038568, at *4 (quotations omitted).

Plaintiff is correct that courts typically grant plaintiffs leave to amend a complaint where the complaint fails to state a claim upon which relief can be granted. Yet courts do not do so where leave to amend would be futile. *See Doe 1 v. City View Indep. Sch. Dist.*, 150 F.4th 668, 677 (5th Cir. 2025) (denying leave to amend where the plaintiff did not explain with particularity the

grounds for amendment to the district court and, on appeal the asserted grounds for amendment would not remedy the plaintiff's complaint). Even where a plaintiff alleges new facts in response to a motion to dismiss, courts will not grant leave to amend when those new facts also fail to state a claim. *See Coleman v. Saul*, No. 3:19-CV-2198-K-BT, 2021 WL 1117167, at *5 (N.D. Tex. Mar. 24, 2021), *aff'd sub nom. Coleman v. Kijakazi*, No. 21-10399, 2023 WL 2660167 (5th Cir. Mar. 28, 2023) (denying request for leave to amend where facts raised in response to motion to dismiss—that the plaintiff's co-worker referred to the plaintiff as his "work wife", asked the plaintiff to "bend over the right way", and discussed his shoe size while touching his "private part"—still failed to state a claim under Title VII).

Here, Plaintiff has alleged no new facts in the Response, let alone facts that might indicate that amendment would be anything but futile. Plaintiff simply restates her conclusory allegation that she was subjected to unspecified sexual, inappropriate comments "in or about January 2025". *See* Response, at 5. Whatever the nature of these alleged comments, they cannot meet the Fifth Circuit's high burden for establishing sufficiently severe or pervasive harassment. *See, e.g.*, *Gibson* 264 F. App'x at 398, 401; *Hockman*, 407 F.3d at 328; *Shepherd*, 168 F.3d at 872, 875; *Waller*, 2024 WL 5038568, at *4.

## II.    <u>The EFAA Does Not Prohibit Enforceability of the Arbitration Agreement</u>

Plaintiff does not contest the validity or applicability of the arbitration agreement between Lowe's and Plaintiff. Instead, she argues that the EFAA prohibits the enforceability of that agreement because she has alleged sexual harassment in this lawsuit. However, the EFAA does not prohibit the enforceability of an arbitration agreement where the sexual harassment allegations fail to state a claim for sexual harassment upon which relief can be granted. *See Madison v. Niagara Bottling, LLC*, No. CV H-25-5701, 2026 WL 1042477, at *3 (S.D. Tex. Apr. 17, 2026).

-4-

Therefore, if the Court finds that the Complaint does not state a claim for sexual harassment upon which relief can be granted, then it should also compel Plaintiff to submit her remaining claim to arbitration in accordance with the parties' arbitration agreement.

## III.    Conclusion

For the reasons set forth herein, Lowe's respectfully requests that this Court dismiss Plaintiff's sexual harassment claim with prejudice, compel Plaintiff to arbitrate her remaining claim against Lowe's, and grant Lowe's all other relief requested in the Motion.

DATED: July 2, 2026

Respectfully submitted,

LOWE'S HOME CENTERS, LLC


By: */s/ Alan J. Marcuis*

Alan J. Marcuis
Texas Bar No. Bar No. 24007601
amarcuis@seyfarth.com
Lukas Moffett
Texas Bar No. 24116777
lmoffett@seyfarth.com
SEYFARTH SHAW LLP
2323 Ross Ave., Suite 1660
Dallas, Texas 75201
Telephone: (469) 608-6700
Facsimile: (713) 225-2340

**ATTORNEYS FOR DEFENDANT
LOWE'S HOME CENTERS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing document to be served upon the following, by the Court's ECF system, on this 2nd day of July 2026:

Daryl J. Sinkule
Shellist, Lazarz, Slobin, LLP
3710 Rawlins, Suite 1420
Dallas, TX 75219
Houston, TX 77007-2519
Tel.: 214-379-0831
Fax: 972-478-4448
Email: dsinkule@eeoc.net

**ATTORNEY FOR PLAINTIFF**

*/s/ Alan J. Marcuis*
Alan J. Marcuis

-6-